COMMONWEALTH vs. HOYT VAN JONES.

Middlesex.   September 11, 1981. — October 8, 1981.

Present: GRANT, PERRETTA, & KASS, JJ.

Robbery.   Practice, Criminal, Amendment.   Pleading, Criminal, Indict-
  ment.

An amendment of an indictment charging the defendant with unarmed
  robbery by assault and putting in fear to conform to the evidence of un-
  armed robbery by force and violence was not a change in the substantive
  offense charged by the grand jury and was therefore, within the scope of
  Mass.R.Crim.P. 4(d), and the defendant was not prejudiced by the
  amendment since the theory of defense was misidentification. [490-492]

INDICTMENT found and returned in the Superior Court
Department on July 1, 1980.

The case was tried before Doerfer, J.

William J. Leahy for the defendant.

Kevin J. Ross, Legal Assistant to the District Attorney, for
the Commonwealth.

PERRETTA, J.   The defendant was put to trial on an indict-
ment charging him with unarmed robbery by assault and
putting in fear.[1]   G. L. c. 265, § 19.   After closing argu-
ments of counsel, the judge amended the indictment to con-
form to the evidence of unarmed robbery by force and vio-
lence.   Mass.R.Crim.P. 4(d), 378 Mass. 849 (1979) ("Upon
his own motion or the written motion of either party, a
judge may allow amendment of the form of a complaint or
indictment if such amendment would not prejudice the de-
fendant or the Commonwealth").   He instructed the jury

---

[1] Specifically, the indictment charged that the defendant "not being
armed with a dangerous weapon, did assault and put in fear [the victim]
with intent·to rob her and thereby did rob and steal from the person of
[the victim], purse, credit cards, money, of the property of [the victim]."

on the elements of the offense set out in the indictment as amended, and he made no mention of assault and putting in fear. The defendant did not object to amendment of the indictment, to the form of the amendment, or to the jury instructions. He now argues that the amendment was an impermissible material alteration of the offense as originally charged which requires us to set the verdict aside and order that judgment be entered for him on the indictment in its original form. We affirm the judgment.

The issue before us is "whether 'the amendment materially change[d] the work of the grand jury' (*Commonwealth v. Benjamin*, 358 Mass. 672, 679 [1971]), or otherwise stated, whether the amendment 'changed the substantive offense charged' by the grand jury (*Commonwealth v. Parrotta*, 316 Mass. 307, 312 [1944])." *Commonwealth v. Gallo*, 2 Mass. App. Ct. 636, 639 (1974). See *Commonwealth v. Liebman*, 379 Mass. 671, 676 (1980); *Commonwealth v. Morse, ante* 426 (1981). See also Reporters' Notes to Mass.R.Crim.P. 4(d), Mass. Ann. Laws, Rules of Criminal Procedure at 38 (1979). The answer to this turns on whether an indictment for robbery must allege one of the alternative ways (see *Commonwealth v. Jones*, 362 Mass. 83, 85-87 [1972]) in which that offense can be committed. Mass.R.Crim.P. 4(a), 378 Mass. 849 (1979) ("An indictment . . . shall contain . . . a plain, concise description of the act which constitutes the crime or an appropriate legal term descriptive thereof"). See Reporters' Notes to Mass.R.Crim.P. 4(a), Mass. Ann. Laws, Rules of Criminal Procedure at 37 (1979) ("The forms established by G. L. c. 277, § 79, contain sufficient descriptions of the crimes listed therein"[2]). See also G. L. c. 277, § 21 ("The means by which a crime is committed need not be alleged in the indictment unless an essential element of the crime").

---

[2] The statutory form of an indictment framed under G. L. c. 265, § 19, is: "That A.B. did assault C.D. with intent to rob him, and thereby did rob and steal from the person of said C.D. (mention the property) of the property of said C.D." G. L. c. 277, § 79.

Although the statutory form was not used in the present instance, the defendant knew he had been charged with unarmed robbery. When used in an indictment, the word robbery means "[t]he taking and carrying away of personal property of another from his person and *against his will*, by force and violence, *or* by assault and putting in fear, with intent to steal" (emphasis supplied). G. L. c. 277, § 39. The gravamen of the offense is the use of force. "The essence of robbery is the exertion of force, actual or constructive, against another in order to take personal property of any value whatsoever, with the intention of stealing it from the protection which the person of that other affords." *Commonwealth* v. *Weiner*, 255 Mass. 506, 509 (1926). *Commonwealth* v. *Novicki*, 324 Mass. 461, 464-465 (1949). *Commonwealth* v. *Jones*, 362 Mass. at 85-87. See also Nolan, Criminal Law §§ 284-287 (1976). The particular type of force, actual or constructive, by which the robbery is committed is not an essential element of the crime, and it need not be pleaded in the indictment. Cf. *Commonwealth* v. *Harris*, 9 Mass. App. Ct. 708, 710-712 (1980). The grand jury charged the defendant with taking the victim's property by force and with the intent to steal it. The amendment by the judge of the unnecessary recital of constructive force to actual force was not a change in the substantive offense charged by the grand jury. Contrast *Commonwealth* v. *Rodriguez*, 11 Mass. App. Ct. 379 (1981); *Commonwealth* v. *Morse, ante* 426 (1981). Rather, the amendment was a correction of the form of the charge to conform to the evidence. As such, it was within the scope of rule 4(d), and, to prevail, the defendant must show that he was prejudiced in his defense. *Commonwealth* v. *Grasso*, 375 Mass. 138, 139 (1978). *Commonwealth* v. *Liebman*, 379 Mass. at 676. *Commonwealth* v. *Clark*, 5 Mass. App. Ct. 673, 677-678 (1977).

Our review of the record shows that the theory of defense was misidentification. The amendment, therefore, involved no surprise which hampered the preparation or the

presentation of this defense. When the judge advised counsel that he thought that the indictment should be amended, no argument against such an action was made and no objection was taken. Defense counsel agreed with the judge when he stated that he should not instruct on assault and putting in fear "because it really doesn't fit the evidence" and that "the indictment to avoid confusion should be amended to read, 'by force and violence' rather than to read 'did assault and put in fear.'" At the completion of the instructions, defense counsel stated that he was "satisfied" with them.

The defendant points to the fact that although the jury were not instructed on the offense as originally charged, they had the indictment in its original form in the jury room during their deliberations. If the indictment was sent out with the jury (there is nothing in the record to indicate that it was) the record fails to disclose any objection by the defendant that the formal language of the indictment had not been changed or any request that the indictment be withheld from the jury during deliberations.

We conclude that the defendant was properly convicted as ultimately charged, and we find no substantial risk of a miscarriage of justice in his trial. Our conclusion makes it unnecessary to consider the defendant's contention that the evidence was insufficient to warrant a finding of unarmed robbery by assault and putting in fear.

*Judgment affirmed.*