COMMONWEALTH *vs.* ASHLEY PITTERS. December 7, 1982. 1. Under the judge's instructions the jury would not have returned their guilty verdict on the indictment for unarmed robbery unless they had found not only that the money did not belong to the defendant but also that he did not believe it belonged to him when he took it by force. As to those instructions, see *Commonwealth* v. *Donahue,* 148 Mass. 529, 531 (1889); *Commonwealth* v. *White,* 5 Mass. App. Ct. 483, 485-488 (1977); *Commonwealth* v. *Larmey, ante* 281, 283-285 (1982). There was no error in the judge's refusal to give the instruction concerning larcenous intention in precisely the language sought by the defendant. 2. Any vaguely burden-shifting tendency in one or two sentences of the charge viewed in isolation was more than adequately compensated for by clear, repeated, and emphatic instructions listing the elements of the offense and stating that the Commonwealth had the burden to prove each element beyond a reasonable doubt. 3. If there was error in instructing the jury that assault and battery was a lesser offense included within robbery (as to which see *Commonwealth* v. *Jones,* 362 Mass. 83, 86-87 [1972]; *Commonwealth* v. *Jones,* 12 Mass. App. Ct. 489, 491 [1981]), the error was rendered immaterial by the jury's finding the defendant guilty of the greater rather than the lesser charge.

*Judgment affirmed.*

*Patricia A. O'Neill* for the defendant.
*William T. Walsh, Jr.,* Assistant District Attorney, for the Commonwealth.