COMMONWEALTH *vs.* MARK SAVOY
(and two companion cases[1]).

Norfolk.  January 10, 1986. — January 28, 1986.

Present: GRANT, PERRETTA, & WARNER, JJ.

*Destruction of Property. Joint Enterprise.*

On appeal by three of five defendants who had been convicted under G. L. c. 266, § 127, of wilfully and maliciously damaging an automobile, it was held that, with respect to the three, the evidence was insufficient to warrant convictions either based on their own acts or on a joint venture theory. [521-523]

INDICTMENTS found and returned in the Superior Court Department on August 5, 1980.

Following the decision of the Supreme Judicial Court reported as *Aldoupolis* v. *Commonwealth,* 386 Mass. 260 (1982), the cases were tried before *John P. Sullivan, J.*

*P. J. Piscitelli* for Mark Savoy.

*William H. Pritchard* for John Strickland.

*Kathleen E. Coffey* for Richard Dovel.

*Stephanie Martin Glennon,* Assistant District Attorney, for the Commonwealth.

GRANT, J. This is the sequel to *Aldoupolis* v. *Commonwealth,* 386 Mass. 260 (1982). After the rescript in that case the original judge recused himself from all further proceedings. A second judge of the Superior Court allowed all five defendants to withdraw their pleas of guilty. The defendants were put to trial together before a third judge and a jury on indictments against each for rape, unnatural rape, assault and battery, and wilfully and maliciously injuring and destroying personal property of the value of more than one hundred dollars (G. L. c. 266, § 127, as amended through St. 1978, c. 544).

---

[1] Companion indictments against John Strickland and Richard Dovel.

The woman who was alleged to have been the victim of all the assaults as well as the owner of the personal property in question (a car) was not called to testify. The only eyewitness to the critical events was an immunized participant in some of them who was called by the Commonwealth, who admitted that he had lied to the grand jury in numerous respects, and who insisted that his memory at the time of trial (in 1983) was better than it had been when he was before the grand jury (in 1980). At the close of the Commonwealth's case each defendant filed a motion for a required finding of not guilty (Mass.R. Crim.P. 25(a), 378 Mass. 896 [1979]) with respect to all the indictments against him. The motions were denied. They were renewed and denied again at the close of all the evidence.

The judge charged the jury in general terms (among other things) that each defendant could be found guilty on each indictment against him not only by reason of his own individual acts but also by reason of his participation with one or more of the other defendants in a joint venture. On the third day of their deliberations the jury sent the judge a note in which they advised that "we have reached a unanimous decision on the malicious injury to personal property charge" and asked the judge to "review with us the law presented during the jury charge on rape, unnatural rape, assault and battery and *joint venture*" (emphasis supplied). The judge gave further instructions on those subjects and had the jury retain the verdict slips on the indictments under G. L. c. 266, § 127. See Mass.R. Crim.P. 27(b), 378 Mass. 897 (1979).

On the following day the jury returned their verdicts on all the indictments. Each defendant was convicted under § 127 but acquitted on all the other indictments against him. Motions under Mass.R.Crim.P. 25(b)(2), 378 Mass. 896 (1979), were made and denied. The defendants Savoy, Strickland and Dovel have appealed.[2]

Several questions have been argued, but in the view we take of these cases only one question need be considered. That is,

---

[2] The defendants Aldoupolis and Tarr did not appeal. It was stipulated at argument that Aldoupolis is deceased.

whether the evidence at the close of the Commonwealth's case (*Commonwealth* v. *Kelley,* 370 Mass. 147, 149-150 [1976]) was sufficient to warrant a rational trier of fact (*Commonwealth* v. *Latimore,* 378 Mass. 671, 677-678 [1979]) in concluding beyond a reasonable doubt that each of the three defendants who have appealed was guilty of wilfully and maliciously injuring the car in question.[3] We start first with the evidence of the individual acts of the three which are relied on by the Commonwealth, because we think it unlikely that the jury would have found the defendants guilty on a theory of joint venture and then asked the judge for further instructions on that very theory.

There was evidence from which it could have been found that the defendant Aldoupolis jumped up and down on the roof of the car yelling "spring action" during a period when the defendant Tarr was engaging in sexual intercourse with the owner of the car on its front seat. At one point, possibly during the same period, Aldoupolis injured the exterior of the car in several respects. Later, the other four defendants, the prosecution witness and a seventh person[4] were allowed to enter the car. Still later, Aldoupolis took it on himself to drive the car alone to another area, where he (and possibly Tarr who joined him later) caused further injury. On this aspect of the case, the Commonwealth points to vague, general testimony to the effect that the interior of the car was "good" before any of the appellants was allowed to enter it, to a photograph of and police testimony concerning one of the car's headrests later found lying on the ground, and to footprints on the interior of the car (probably on the inside of a door) which appear in some of the photographs but were not referred to in the testimony of any witness.

There are numerous difficulties with this evidence. Who removed the headrest or left the footprints is matter of conjecture. Compare *Commonwealth* v. *Salemme,* 395 Mass. 594, 598-601 (1985). If the footprints were made during the evening

---

[3] The Commonwealth does not contend that the car was destroyed.

[4] The seventh person does not appear to have been prosecuted.

in question (which does not appear), it would seem more likely than not that they were made by Tarr, who engaged in vaginal intercourse with the woman in the front seat, rather than by any of the appellants. Whether the footprints resulted in any "injury" to the car within the meaning of G. L. c. 266, § 127, is also matter of conjecture. Finally, there was no evidence that any injury to the car which may have been caused by the footprints or by the removal of the headrest was "wilful and malicious" as those words are employed in § 127. See *Commonwealth v. Peruzzi,* 15 Mass. App. Ct. 437, 440-443 (1983).[5]

When we turn to the evidence relied on by the Commonwealth to prove that the appellants were engaged in a joint venture to injure the car, the case becomes even clearer. There was a complete failure of proof on the question whether any of the three appellants shared Aldoupolis's intent to injure the car. See, on the necessity for shared intent, *Commonwealth v. Whitehead,* 379 Mass. 640, 650 (1980); *Commonwealth v. Casale,* 381 Mass. 167, 173 (1980); *Commonwealth v. Donovan,* 395 Mass. 20, 26 (1985). The Commonwealth points to Aldoupolis's jumping up and down on the roof of the car but fails to come to grips with the testimony of its immunized witness to the effect that all the other defendants immediately attempted to persuade Aldoupolis to desist for fear that his actions might jeopardize their chances of securing sexual favors from the owner of the car. Unfortunately for the Commonwealth, that was the only evidence on the question of the possible intent of any of the appellants to injure the car. We add that there was no evidence of when the headrest was removed from the car.

The Commonwealth also points to testimony to the effect that Tarr told the woman that she would have to fellate each of the defendants a second time if she wanted to see her car again. That evidence serves only to reinforce our conclusion that the only joint venture in which any of the appellants may

---

[5] The indictments were not drawn under the "wanton" injury branch of G. L. c. 266, § 127, and the Commonwealth does not now argue that that branch has any application to the circumstances of this case. See *Commonwealth v. Peruzzi,* 15 Mass. App. Ct. at 446-447.

have participated was one to secure sexual gratification at the expense of the owner of the car rather than one to injure the car. As already recited, all the appellants have been acquitted of any such participation.

On each of the indictments numbered 76310, 76314 and 76318 the judgment is reversed, the verdict is set aside, and judgment is to be entered for the defendant.

*So ordered.*