COMMONWEALTH *vs.* FRANK A. MARSH. No. 87-1236. July 12, 1988. *Identification. Practice, Criminal,* Argument by prosecutor, Required finding, New trial.

As to the defendant's motion for a new trial under Mass.R.Crim.P. 25(b)(2), 378 Mass. 896 (1979), we decide that the case should be remanded to the Superior Court so that the trial judge may consider action on that motion as a matter of discretion. Other than that, we are not persuaded by the defendant's various claims of error. A jury convicted the defendant of armed robbery (G. L. c. 265, § 17) and assault by means of a dangerous weapon (G. L. c. 265, § 15B).

1. *Sufficiency of the evidence.* Two persons, the store clerk and a customer, witnessed the robbery, which occurred at night at a Cumberland Farms convenience store. The customer had been encouraged by the clerk to

chase the thief (she neglected to share with the customer that the thief had displayed a gun, an omission which vexed the customer, upon whom the thief subsequently turned the weapon), and he saw him face to face for about fifteen seconds. Both clerk and customer gave substantially the same physical descriptions of the robber, but it was the customer who was able to select a photograph of the defendant out of an array and to identify the defendant in court. The clerk did not recognize as of the robber any photographs displayed to her by the police, and she expressly testified at trial that the defendant was not the man who had committed the robbery. That dichotomy in testimony did not — contrary to the arguments made by him — entitle the defendant to a required finding of not guilty. A rational jury, viewing the evidence in a light most favorable to the Commonwealth, could conclude that the customer had superior powers of identification. See *Commonwealth* v. *Latimore*, 378 Mass. 671, 676-678 (1979); *Commonwealth* v. *Savoy*, 21 Mass. App. Ct. 519, 521 (1986). The parking lot in which the customer, Thomas Kusek, and the robber had their encounter was, according to the evidence, well lit. Kusek made the photographic identification some eleven days after the robbery. The jury, who were in a position to assess the clerk's demeanor, her nervousness, her alertness, her intelligence, and the effect upon her of the trauma she had experienced could discount the clerk's negative identification of the defendant. Trauma-induced fear is a form of bias, and the jury were entitled to consider that such a bias may have played a role in the clerk's testimony. See *Commonwealth* v. *DiRoma*, 5 Mass. App. Ct. 853 (1977); *Commonwealth* v. *LaFrennie*, 13 Mass. App. Ct. 977, 980 (1982). Contrast *Berry* v. *Commonwealth*, 393 Mass. 793, 794-796 (1985); *Commonwealth* v. *Salemme*, 395 Mass. 594, 601 (1985).

2. *Prosecutor's closing argument.* There was no objection at trial to the prosecutor's closing argument. We need only review it, therefore, on a substantial risk of a miscarriage of justice standard. *Commonwealth* v. *Freeman*, 352 Mass. 556, 564 (1967). *Commonwealth* v. *Pickles*, 393 Mass. 775, 776 (1985). *Commonwealth* v. *Schoen*, 24 Mass. App. Ct. 731, 734 (1987). The prosecutor's argument that the clerk was paralyzed by fear was tolerably based on evidence that the robbery had "made [her] very nervous." See *Commonwealth* v. *Hoffer*, 375 Mass. 369, 378 (1978); *Commonwealth* v. *Ferreira*, 381 Mass. 306, 316 (1980). He was free to fit all the pieces of evidence together so that they formed a comprehensive and comprehensible picture for the jury. *Commonwealth* v. *Haas*, 373 Mass. 545, 557 n.11 (1977). Contrast *Commonwealth* v. *Shelley*, 374 Mass. 466, 470-471 (1978); *Commonwealth* v. *Hogan*, 12 Mass. App. Ct. 646, 651-652 (1981). Fairly read, we do not think the argument was tainted by the second impropriety claimed by the defendant, viz., conveying to the jury that the prosecutor was possessed of personal knowledge which he was sharing with them. The assistant district attorney peppered his closing with phrases such as "I suggest" and dutifully reminded the jurors that they should draw their

own conclusions if their memories differed from his. *Commonwealth* v. *Ferreira*, 381 Mass. at 316-317. *Commonwealth* v. *Drayton*, 386 Mass. 39, 52-53 (1982). The trial judge reinforced that principle in his charge to the jury.

3. *Motion under Mass.R.Crim.P. 25(b)(2)*. Two days after the jury returned their verdict of guilty, the defendant, acting under Mass.R.Crim.P. 25(b)(2), 378 Mass. 896 (1979), renewed his motion for a required finding of not guilty, moved to set aside the verdict, and moved, in the alternative, for a new trial on both counts of the indictment. Carolyn Clark, the store clerk, asked and received leave to address the court at the hearing on the motion. She stated:

> "I feel very strongly that yesterday in the courtroom a man was convicted of a crime he didn't commit. . . . I'm positive beyond a reasonable doubt that Frank Marsh is . . . not the person who committed the burglary [*sic*] on July 28, 1985, and I ask, your Honor, to set aside this verdict . . . in order to prevent a miscarriage of justice."

During the colloquy between judge and counsel that followed, it must be said, the concentration was on setting aside the verdict and entering a finding of not guilty. That, the judge correctly observed, she was without authority to do if (as it did) the evidence warranted the jury's verdict. *Commonwealth* v. *Torres*, 24 Mass. App. Ct. 317, 323-325 (1987). A judge acting on a rule 25(b)(2) postverdict motion for a finding of not guilty "is required to use the . . . standard set out in *Commonwealth* v. *Latimore*, 378 Mass. at 677-678." *Id.* at 324.

In response to the argument of counsel the judge observed: "Regardless of whether I agree or disagree with the verdict I can only set aside the verdict where I find there has been an error of law." So far as the new trial component of the defendant's rule 25(b)(2) motion was concerned, the judge was not thus restricted. As to that aspect of the motion, the judge has authority to consider and weigh the evidence and grant a new trial if it appears to the judge that the jury's verdict was against the weight of the evidence. See *Commonwealth* v. *Keough*, 385 Mass. 314, 318 (1982); *Commonwealth* v. *Preston*, 393 Mass. 318, 324 (1984); *Commonwealth* v. *Torres*, 24 Mass. App. Ct. at 324; Smith, Criminal Practice and Procedure §§ 1918, 1919 (2d ed. 1983). Cf. *Commonwealth* v. *Millyan*, 399 Mass. 171, 189 (1987). Possessed of discretion, the trial judge was bound to exercise it one way or the other. See *Commonwealth* v. *Knight*, 392 Mass. 192, 193-194 (1984); *Commonwealth* v. *Edgerly*, 13 Mass. App. Ct. 562, 571 (1982).

In stating that the judge had discretion to grant or deny that aspect of the rule 25(b)(2) motion which asked for a new trial, we emphasize that we intimate no opinion about how that discretion ought to be exercised. The judge heard and observed the witnesses and had a far better sense of

the trial than the written record can convey. The posttrial statement of the store clerk is interesting but added nothing to her trial testimony. It is for the trial judge to consider whether, in light of the judge's sense of the entire trial, it is to be given any weight.

There was no error requiring reversal of the convictions. The case is remanded to the Superior Court so that the trial judge may consider and exercise her discretion on the new trial component of the postverdict motion under rule 25(b)(2).

*So ordered.*

*Brownlow M. Speer,* Committee for Public Counsel Services, for the defendant.

*Robert J. Curley,* Assistant District Attorney, for the Commonwealth.