Hillman, J.
INTRODUCTION
Plaintiff Kevin Barrett (Barrett) has brought suit against Defendant Wachusett Regional School District (Wachusett) alleging that Wachusett’s faculty negligently failed to provide adequate protection to Barrett while Barrett took part in a four day overnight program organized by Wachusett. Wachusett has moved pursuant to Mass.R.Civ.P. 12(b)(6) to dismiss Barrett’s claim. Wachusett contends that the Massachusetts Tort Claims Act bars Barrett’s claim. For the reasons set forth below, Wachusett’s motion is DENIED.
BACKGROUND
The plaintiffs’ complaint alleges that in March of 1996, Barrett was eleven years old and attended the fifth grade at Chaffins Elementary School (Chaffins), Wachusett Regional School District, Holden, Massachusetts. On January 29, 1996, Clifton La Porte Jr. (La Porte), principal of Chaffins, mailed a letter to the parents of the fifth grade students. This letter informed the parents of a four day overnight program in which Chaffins would take the fifth grade students to the Nature’s Classroom facility for a “hands on science experience.” The parents who agreed that their children would attend the four day outing at Nature’s Classroom were required to sign a permission slip and pay a fee. Following their arrival at Nature’s Classroom, Chaffin school personnel assigned the children to different bunkhouses for housing purposes, and assigned school officials to supervise these groups of children for the four day period.
On Thursday, March 7, 1996, Kevin Barrett was housed with nine other Chaffin boys in the Ranger Left dorm. La Porte assumed the responsibility of supervising this group of boys. La Porte then abandoned the boys under his care and requested a handyman named Tim Cooper (Cooper), who worked at Nature’s Classroom, to look after the boys in La Porte’s absence. Cooper then gathered the boys in the Ranger Left bunkhouse and verbally and physically abused them. Nature’s Classroom took disciplinary action against Tim Cooper as a result of the incident.[1]
DISCUSSION
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must accept as true the well pleaded factual allegations of the complaint, as well as any inference which can be drawn therefrom in the plaintiffs favor. Fairneny v. Svogran Co., 422 Mass. 469, 470 (1996); Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991), and cases cited. “(T]he complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-6 (1957); see also Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979); Charbonneir v. Amico, 367 Mass. 146, 152 (1975).
“[A] complaint is not subject to dismissal if it would support relief on any theory of law.” Whitinsville 378 Mass. at 89. See also C.M. v. P.R., 420 Mass. 220, 231 (1995). Further, a complaint should not be dismissed simply because it asserts a new or extreme theory of liability. New England Insulation Co. v. General Dynamics Corp., 26 Mass.App.Ct. 934 (1983); Bell v. Mazza, 394 Mass. 176, 183 (1985). All inferences should be drawn in the plaintiffs favor in the complaint “so as to do substantial Justice.” Ourfalian v. Aro Mfg. Co., Inc., 31 Mass.App.Ct. 294, 296 (1991).
First, Wachusett contends that G.L.c. 258, §10(c) bars Barrett’s claim. M.G.L.c. 258, §10(c) provides in pertinent part:
*595 The provisions of sections one to eight, inclusive, [which provide exceptions to the Commonwealth’s immunity from suit] shall not apply to . . . (c) any claim arising out of an intentional tort, including assault, battery, false imprisonment, false arrest
Barrett, however, has brought suit against Wachusett alleging that its negligent supervision of Barrett gave rise to an assault claim. M.G.L.c. 258, § 10(c), therefore, is not applicable to the case at bar and does not bar plaintiffs claim.
Next, Wachusett contends that M.G.L.c. 258, §10(j) bars Barrett’s claim. Chapter 258, §10 provides in pertinent part:
The provisions of sections one to eight, inclusive shall not apply to ... (3) Any claim based on an act or failure to act to prevent or diminish the harmful consequences of a condition or situation, including the violent or tortious conduct of a third person, which is not originally caused by the public employer . . . This exclusion shall not apply to:
(1) any claim based upon explicit and specific assurances of safety or assistance, beyond general representations that investigation or assistance will be or has been undertaken, made to the direct victim or a member of his family ... by a public employee, provided the injury resulted in part from reliance on those assurances.
To support their motion to dismiss, defendants cite Brum v. Town of Dartmouth, 428 Mass. 684 (1999). In Brum, three armed individuals killed the plaintiffs son (Robinson) by stabbing him to death at Dartmouth High School. The school principal had prior notice that the attack was likely to occur but took no affirmative steps to prevent the attack from occurring. The Supreme Judicial Court in Brum held that M.G.L.c. 258, §10(j) barred Dartmouth’s liability for Robinson’s death. The Court reasoned that M.G.L.c. 258, §10(j) bars a school official’s liability for failing to prevent harmful consequences to a student, including a third party’s violent or tortious conduct.[2]
The case at bar is distinguishable from the facts in Brum. First, the student who was killed in Brum was over sixteen years of age and was not bound by any compulsory education law to attend school. Barrett, however, was only eleven years old when the alleged incident that gave rise to his claim occurred, and was therefore required to attend school. Furthermore, in the case at bar, La Porte sent a letter to each student’s parents that practically mandated participation in the four day overnight program. The relevant portion of La Porte’s letter provides:
[I] expect that all fifth grade students will attend Nature’s Classroom week. This week cannot be replicated or supplanted. It is a unique experience which must be shared by all members of the class. If any member is missing, then the experience is incomplete for both the ones who have attended and the ones left behind. If you find you are having some doubts, then I want you to call me immediately. If there are extenuating circumstances which prevent your child from attending, then I will need to be notified in writing (emphasis added).
Brum, however, did not present a situation in which the principal urged Robinson to attend school on the particular day of the stabbing.
In reaching its conclusion in Brum, the Supreme Judicial Court discussed the case of Bonnie v. Commonwealth, 419 Mass. 122 (1994). In Bonnie, a probationer employed as a maintenance worker in the trailer park where plaintiff lived sexually assaulted the plaintiff. The plaintiff then sued the Commonwealth claiming that the probation officer in charge of the assailant was negligent in failing to supervise the assailant and negligent in recommending him for employment at a trailer park where he would possess keys to each of the resident’s trailers. The SJC held that M.G.L.c. 258 barred the plaintiffs claim for the probation officer’s failure to supervise; however, the SJC held that M.G.L.c. 258, §10(j) did not bar the plaintiffs contention that the probation officer was negligent in recommending the assailant for employment in the trailer park. The court in Bonnie analyzed that the negligent recommendation was an affirmative act on the part of the officer that created a situation in which a sexual predator held a job giving him access to the keys to every trailer in the park.
Barrett’s claim in the case at bar is analogous to the claim that the SJC allowed in Bonnie. Barrett bases his claim not only upon Wachusett’s failure to prevent Cooper from assaulting Kevin Barrett, but also upon La Porte’s alleged affirmative act in nominating Cooper, a handyman with no apparent experience in dealing with children, to supervise a group of fifth grade students. La Porte’s affirmative act in allowing Cooper to supervise the children, therefore, falls outside of the purview of the immunity provided by M.G.L.c. 258, §10(j).
ORDER
For the foregoing reasons, it is hereby ORDERED that defendant’s motion to dismiss be DENIED.

 Nature’s Classroom suspended Cooper for a week without pay, required him to undergo four weeks of sensitivity training, prohibited his further assignment to any supervisoiy positions over children, and placed him on supervisory probation for a six-month period.

 In Brum, the SJC noted that the Massachusetts Torts Claim Act does not bar claims against public officials for failing to prevent harm to a plaintiff by a third party where the public official made specific assurances of safety directly to the victim or a member of the victim’s family. This Court will not reach the validity of plaintiffs claim that LaPorte made such assurances in the case at bar because this Court has decided to deny defendant’s motion to dismiss on other grounds.