## COMMONWEALTH *vs.* FELIX RUMKIN.

No. 00-P-1436.

Suffolk. March 14, 2002. - August 22, 2002.

Present: GREENBERG, LENK, & COWIN, JJ.

*Practice, Criminal,* Assistance of counsel, Complaint. *Constitutional Law,* Assistance of counsel. *Assault by Means of a Dangerous Weapon. Assault and Battery. Malicious Injury to Property.*

There was no merit to a criminal defendant's contention that his counsel provided him with ineffective assistance by failing to file a motion to dismiss to challenge the sufficiency of the facts set forth in the Commonwealth's application for a complaint on a charge of assault by means of a dangerous weapon where, in the context of the postarrest procedure to which the defendant was subjected, the filing of a motion to dismiss, pursuant to Mass. R. Crim. P. 13(c), 378 Mass. 871 (1979), would have been futile; further, counsel's failure to object, on the morning of trial, to the amendment of the charge to read "a shod foot" did not constitute ineffective assistance, where the particular type of dangerous weapon with which the offense was committed was not an essential element of the crime charged. [636-638]

At a criminal trial, the evidence was insufficient to warrant a rational trier of fact in concluding, beyond a reasonable doubt, that the defendant assaulted the victim by means of a dangerous weapon (a shod foot) where, absent evidence that the defendant's feet were clad in anything resembling a shoe, the Commonwealth's proof on the aggravated aspect of the assault was entirely lacking; however, the evidence was sufficient to convict the defendant of simple assault. [638-640]

At a criminal trial, the evidence was sufficient to convict the defendant of malicious destruction of property, where the judge could infer from the evidence presented that it was the defendant's kicking that caused the driver's side mirror of the victim's automobile to break and that the defendant acted wilfully and maliciously in causing the damage. [640-641]

COMPLAINT received and sworn to in the Boston Municipal Court Department on July 6, 1999.

The case was heard by *Sally A. Kelly,* J.

*J. Whitfield Larrabee* for the defendant.

*Louis N. Schulze, Jr.,* Assistant District Attorney, for the Commonwealth.

GREENBERG, J. Argument about a minor collision between an automobile and the defendant's cab burst into violence. A Boston police officer happened on the defendant, kicking the driver's door and side mirror of the automobile, now stopped on School Street in Boston near the Omni Parker House Hotel. In the driver's seat was Nancy Bulger, whose husband, William, had just left the car to call the police. Their teenaged son sat in the back. According to the officer's testimony at a bench trial in the Boston Municipal Court, Nancy was screaming and upset. William quickly returned to assist his wife and wrestled the defendant to the hood of the car. The officer intervened, separated the combatants, and after assessing the situation, arrested the defendant.

Upon conviction of assault by means of a dangerous weapon, G. L. c. 265, § 15B, and malicious destruction of personal property having a value of less than $250, G. L. c. 266, § 127, the judge sentenced the defendant to two years probation for the assault by means of a dangerous weapon and fined him $750 for the malicious destruction of property. On appeal, the defendant makes three related arguments. First, he faults his trial counsel for failing to file a motion to dismiss to challenge the sufficiency of the facts set forth in the application for complaint by the Commonwealth on the assault by means of a dangerous weapon charge. Second, the defendant argues that the Commonwealth presented insufficient evidence to convict him of either assault by means of a deadly weapon or simple assault. Finally, he argues that the Commonwealth presented insufficient evidence to convict him of malicious destruction of property.

1. *Alleged ineffective assistance of counsel.* The defendant has misconstrued the procedural context of this case to the extent that he faults his trial counsel for failing to challenge the sufficiency of the facts presented in the application for a complaint and supporting police report on the charge of assault by means of a deadly weapon. Rules 2(a) and (b) of the District/ Municipal Court Rules of Criminal Procedure (1996) differentiate between cases where, as here, a warrantless arrest occurs and those where a police officer or civilian complainant applies for criminal process. See *Bradford* v. *Knights,* 427 Mass. 748,

752 (1998). In the latter case, a judge, clerk, or assistant clerk, if it appears a crime may have been committed, conducts a "show cause" hearing to determine whether criminal process should issue. See *Commonwealth* v. *DiBennadetto*, 436 Mass. 310, 311-312 (2002). Pursuant to G. L. c. 218, § 35A, "the person against whom such complaint is made . . . shall [also] be given an opportunity to be heard," before a judge, clerk, or assistant clerk authorizing the issuance of any criminal process. *Id.* at 312-313. See *Gordon* v. *Fay*, 382 Mass. 64, 68 (1980); *Commonwealth* v. *Vitale*, 44 Mass. App. Ct. 908, 908 (1997).

Here, however, after a warrantless arrest, see. Dist/Mun.R. Crim.P. 2(a), the defendant faults trial counsel for failure to request dismissal of the complaint because the application for the complaint and accompanying police report did not establish probable cause that the defendant had committed an assault with a dangerous weapon. Compare *Jenkins* v. *Chief Justice of the Dist. Ct. Dept.*, 416 Mass. 221 (1993). Such a determination is not relevant to the issuance of a complaint following a warrantless arrest. See *Commonwealth* v. *Cote*, 15 Mass. App. Ct. 229, 237-238 (1983). In that circumstance, the arresting officer subsequently applies for a complaint, not process. See Dist./ Mun.R.Crim.P. 2(a). The sole requirement is for the arresting officer to submit a written statement describing the facts constituting the basis for the arrest. An application for a complaint after a warrantless arrest is, in essence, a pro forma proceeding that does not require the clerk-magistrate to determine whether a crime has been committed. "It does not call on the court to issue process, the arrest already being an accomplished fact." District Court Standards of Judicial Practice: The Complaint Procedure, Standard 2:00 (1975). See Smith, Criminal Practice and Procedure § 625 (1983 & Supp. 2002).

In analyzing the defendant's ineffective assistance of counsel claim in the context of the postarrest procedure to which he was subjected, we conclude that the filing of a motion to dismiss, pursuant to Mass.R.Crim.P. 13(c), 378 Mass. 871 (1979), would have been futile. Rule 13(c) complements G. L. c . 277, § 47A, which states that, in criminal cases, "any defense or objection based upon defects in the institution of the prosecution or in the complaint . . . shall be raised prior to trial." Contrary to the

defendant's argument, had defense counsel sought dismissal before trial, it would have accomplished nothing as the complaint properly issued after a warrantless arrest.

We are also not detained by the defendant's efforts to fault his defense counsel for failure to object, on the morning of trial, to the amendment of the assault by means of a dangerous weapon complaint to read "a shod foot." The particular type of dangerous weapon with which the offense was committed is not an essential element of the crime. charged. *Commonwealth* v. *Salone,* 26 Mass. App. Ct. 926, 929-930 (1988). The amendment added surplus language to the complaint and, without a claim of prejudice (counsel withdrew his objection to the amendment before trial), the allegation of the nature of the weapon could be added at any time. *Id.* at 930. See *Commonwealth* v. *Jones,* 12 Mass. App. Ct. 489, 490-491 (1981); G. L. c. 277, § 21. See also *Commonwealth* v. *Jordan,* 207 Mass. 259, 266-267 (1911), aff'd, 225 U.S. 167 (1912).

2. *The sufficiency of the evidence.* The defendant next argues that there was insufficient evidence to convict him of either assault by means of a dangerous weapon or simple assault.[1] We appraise the evidence in the light most favorable to the Commonwealth, without weighing contrary evidence presented by the defendant. See *Commonwealth* v. *Kelley,* 370 Mass. 147, 150 n.1 (1976). So measured, we first ask whether the evidence was sufficient to warrant a rational trier of fact in concluding, beyond a reasonable doubt, that the defendant assaulted Nancy Bulger by means of a dangerous weapon. See *Commonwealth* v. *Latimore,* 378 Mass. 671, 677-678 (1979); *Commonwealth* v. *Savoy,* 21 Mass. App. Ct. 519, 521 (1986).

The defendant drew the attention of the arresting officer, on a

---

[1]At the bench trial, trial counsel failed to move for a required finding of not guilty on the assault by means of a dangerous weapon charge, either at the close of the Commonwealth's case or at the close of all of the evidence. Even so, we consider the legal sufficiency of the evidence because "findings based on legally insufficient evidence are inherently serious enough to create a substantial risk of a miscarriage of justice." *Commonwealth* v. *McGovern,* 397 Mass. 863, 867-868 (1986), and cases cited. See *Commonwealth* v. *Sims,* 30 Mass. App. Ct. 25, 25 n.1 (1991) (discussing Mass.R.Crim.P. 25[a], 378 Mass. 896 [1979], which requires judges to enter required finding of not guilty on their own motion).

routine patrol, because he was "kicking" the driver's side door and mirror while Nancy was sitting in the car, screaming and trying to lock the door.[2] In addition to this "booting," so described by Nancy, the defendant placed his hand on the door handle from the outside, as she was locking it. The defendant's repeated kicks to the handle area of the car door thus presented some danger to her, both perceived and real.

"[W]hen the act of 'kicking' underlies the charge of assault with a 'dangerous weapon', the shoe or boot, not the foot, is the object which is considered as the 'weapon' subjecting the assailant to a charge of aggravated assault. See *Ransom* v. *State*, 460 P.2d 170, 171-172 (Alaska 1969). See also *Commonwealth* v. *Durham*, 358 Mass. 808, 809 (1970) (shoe used to stomp victim's hand); Nolan & Sartario, Criminal Law § [326 (3d ed. 2001)] ('[a] person's shoe . . . when used to kick a person . . . becomes a dangerous weapon')." *Commonwealth* v. *Davis*, 10 Mass. App. Ct. 190, 193 (1980). Without direct or circumstantial evidence that the defendant's feet were clad in anything resembling a shoe (or "sandals" as the nonevidentiary police report had stated), the Commonwealth's proof on the aggravated aspect of the assault was entirely lacking.

Even conceding that the defendant had some type of footwear, there remains "[t]he essential question, when an object which is not dangerous per se is alleged to be a dangerous weapon, namely 'whether the object, as used by the defendant, is capable of producing serious bodily harm.' " *Commonwealth* v. *Mercado*, 24 Mass. App. Ct. 391, 397 (1987), quoting from *Commonwealth* v. *Marrero*, 19 Mass. App. Ct. 921, 922 (1984). An object that is not dangerous per se "consists of those things that become dangerous weapons because they are 'used in a dangerous fashion.' " *Commonwealth* v. *Tevlin*, 433 Mass. 305, 310 (2001) (citation omitted). Here, in contrast to *Commonwealth* v. *Marrero, supra* at 921-923, and *Commonwealth* v. *Tevlin, supra* at 307, 311-312, where footwear was determined to constitute a dangerous weapon, the only evidence produced by the Commonwealth was Nancy's description of the defendant "booting" the vehicle. The case is more closely aligned with

---

[2]The original accident involving the defendant's cab had occurred on the Bulgers' passenger side.

*Commonwealth* v. *Mercado*, *supra* at 393, in which this court decided that there was no assault and battery by means of a dangerous weapon where the testimony by the victim was that the defendant sort of "kicked" him, and the kick was like a "little nudge."

We come to a different conclusion, however, regarding the Commonwealth's proof that the defendant committed a simple assault. On the evidence, the judge, as trier of fact, was not solely confined to evidence of the kicking. There was unrefuted evidence that the defendant tried to open the door while Nancy sat in the driver's seat awaiting the return of her husband — and that she was fearful — screaming and trying to lock the doors. See *Commonwealth* v. *Richards*, 363 Mass. 299, 303 (1973). Of the two variations in the assault theme, e.g., an attempted battery or an imminently threatened battery, see *Commonwealth* v. *Gorassi*, 432 Mass. 244, 247-248 (2000); *Commonwealth* v. *Purrier*, 54 Mass. App. Ct. 397, 400-403 (2002), the evidence is more akin to the latter than the former. For the charge of simple assault, the evidence in the record demonstrates no substantial risk of a miscarriage of justice.

3. *Malicious destruction of personal property.* Finally, we are not persuaded by the defendant's contention that there was insufficient evidence to support a guilty finding on the malicious destruction of personal property charge.

The defendant proposes a technical argument; he points out that none of the witnesses actually observed him *break* the driver's side mirror.[3] There is nothing to the argument. The Bulgers and the Boston police officer all testified that they observed the defendant deliberately kicking the driver's side door and mirror several times. On direct examination, Nancy stated, among other things, that the mirror "broke" as the defendant was kicking it. She also said that she "really didn't look at that right then [because she] was just screaming." Nonetheless, the Commonwealth presented sufficient evidence

---

[3]A conviction on the charge of malicious destruction of property, G. L. c. 266, § 127, requires an act that is both wilful and malicious. See *Commonwealth* v. *Armand*, 411 Mass. 167, 170 (1991); *Commonwealth* v. *Peruzzi*, 15 Mass. App. Ct. 437, 440-444 (1983). A wilful act is done intentionally and by design, in contrast to that which is thoughtless or accidental. *Id.* at 443. A malicious act is done with cruelty, hostility, or revenge in mind. *Ibid.*

from which the judge could infer that it was the defendant's kicking that caused the driver's side mirror to break and that he acted wilfully and maliciously in causing the damage. In this regard, the defendant's behavior went far beyond mere negligence. See *Commonwealth* v. *Armand*, 411 Mass. 167, 170 (1991); *Commonwealth* v. *Peruzzi*, 15 Mass. App. Ct. 437, 440-444 (1983).

For these reasons, we affirm the judgment on the malicious destruction of property charge. The judgment on the assault and battery by means of a dangerous weapon charge is reversed, and that finding is set aside. Judgment shall enter on so much of that complaint as alleges the lesser included offense of simple assault. The case is remanded for resentencing on that offense.

*So ordered.*