COMMONWEALTH *vs.* ALAN SMITH.

No. 02-P-1484.

Franklin. September 19, 2003. - December 18, 2003.

Present: PERRETTA, BROWN, & LAURENCE, JJ.

*Practice, Criminal,* Complaint, Amendment of indictment or complaint, Duplicative convictions. *Assault and Battery by Means of a Dangerous Weapon. Assault and Battery. Joint Enterprise.*

There was no merit to a criminal defendant's claim that he was prejudiced when the judge, during trial, allowed the Commonwealth to amend the complaint by substituting "blunt object" for "metal pipe" as one of the specific weapons named in the count alleging assault and battery by means of a dangerous weapon, where the defendant failed to articulate what he would have done differently if he had been earlier apprised of the amendment. [205]

Evidence at the trial of an indictment for assault and battery by means of a dangerous weapon that the victim saw the defendant trying to conceal an object in his sweat shirt sleeve and that the victim felt a blow from a rigid object was sufficient to establish that the defendant used a weapon. [205-206]

At the trial of an indictment for assault and battery, evidence that the defendant kicked the victim with a sneaker-clad foot was sufficient to establish the defendant's guilt as a principal [206-207]; likewise, evidence that the defendant participated in an attack on the victim with two other individuals who also kicked the victim established his liability for assault and battery as a coventurer [207].

This court concluded that, at a jury-waived trial, there was no possibility that a criminal defendant's convictions of assault and battery and assault and battery by means of a dangerous weapon were based on the same assault and thus duplicative, where, despite the fact that the judge considered a joint venture analysis for some of the events, he acknowledged that all counts stood on their own footing. [207-208]

COMPLAINT received and sworn to in the Orange Division of the District Court Department on December 31, 2001.

The case was heard by *David S. Ross,* J.

*Paul W. Cormier* for the defendant.

*Judith Ellen Pietras,* Assistant District Attorney, for the Commonwealth.

BROWN, J. On appeal the defendant asserts that (1) the judge erred when he allowed the Commonwealth to amend the complaint by substituting "blunt object" for "metal pipe" as one of the specific weapons named in the count alleging assault and battery by means of a dangerous weapon; and (2) there was insufficient evidence to sustain his convictions of assault and battery by means of a dangerous weapon and assault and battery.[1]

1. *Amendment to the complaint.* The defendant claims that the judge improperly allowed an amendment to the count of the complaint that charged him with assault and battery by means of a dangerous weapon, specifically, a sneaker and a metal pipe. Over the defendant's objection, the judge allowed the complaint to be amended by substituting a "blunt object" for a "metal pipe." Because the particular type of weapon used to commit an assault and battery by means of a dangerous weapon is not an essential element of the crime, the weapon identified can be amended at any time, as long as the defendant is not prejudiced. See *Commonwealth* v. *Salone*, 26 Mass. App. Ct. 926, 929-930 (1988); *Commonwealth* v. *Rumkin*, 55 Mass. App. Ct. 635, 638 (2002). The defendant claims that he was prejudiced because the amendment occurred during trial, depriving him of time to counter the new allegation. The defendant failed to articulate at trial or on appeal what he would have done differently if he had been earlier apprised of the amendment.

2. *Sufficiency of the evidence.* The defendant argues that the conviction of assault and battery by means of a dangerous weapon cannot be upheld because the Commonwealth failed to prove that a weapon was used. The defendant makes much of the fact that the victim did not see the weapon and also initially failed to tell the police that he saw the defendant trying to hide a weapon in his sleeve just before the attack.

When viewed in the light most favorable to the Commonwealth, *Commonwealth* v. *Latimore*, 378 Mass. 671, 676-677 (1979), the evidence presented in this jury-waived trial

---

[1]The three-count complaint charged the defendant with (1) assault and battery by means of a dangerous weapon (sneaker and metal pipe); (2) assault and battery; and (3) threat to commit a crime (murder). The defendant raises no argument concerning his conviction of threatening to commit a crime.

showed that the victim saw the defendant trying to conceal an object in his sweat shirt sleeve and that the victim felt a blow from a rigid object, which had the immediate effect of knocking him to the ground and left a round circular mark on his forehead. This evidence was sufficient to establish that the defendant used a weapon. "That a dangerous weapon was used may be inferred from the victim's injuries." *Commonwealth* v. *Roman*, 43 Mass. App. Ct. 733, 736 (1997), *S.C.*, 427 Mass. 1006 (1998), quoting from Stearn, Massachusetts Prosecutor's Guide 358 (1997). See *Commonwealth* v. *Delgado*, 367 Mass. 432, 436 (1975) (although no gun was seen by the robbery victim, other evidence sufficed to establish the robber was armed with a gun). See also *Commonwealth* v. *Gilbert*, 423 Mass. 863, 868 (1996) ("[C]ircumstantial evidence is competent to establish guilt beyond a reasonable doubt").

The defendant also argues that the evidence was insufficient to sustain the conviction of assault and battery because the victim did not see who was kicking him. The issue is muddled by the Commonwealth's confession of error to the effect that the defendant's motion for a required finding of not guilty on the assault and battery charge should have been allowed at the conclusion of the Commonwealth's case because the Commonwealth did not present sufficient evidence to support a conviction for assault and battery.[2]

Here, in addition to the evidence already recited, the evidence also showed that the defendant, angry over the victim's relationship with "his" girlfriend, lured the victim into a parking lot where two of the defendant's friends were waiting. After the defendant struck the victim with the blunt object, all three individuals attacked the victim by kicking him, at the conclusion of which they fled. The victim plainly saw three men immediately before the attack. He identified one man as the defendant and said that man was wearing sneakers; he identified the second man as Nate Keefe, noting that Keefe had on work boots; he felt three individuals kicking him as he lay on the

---

[2]"Confessions of error, of course, do not relieve an appellate court of the performance of its appellate functions . . . ." *Commonwealth* v. *Williams*, 19 Mass. App. Ct. 915, 916 (1984). See *Commonwealth* v. *McClary*, 33 Mass. App. Ct. 678, 686 n.6 (1992), cert. denied, 510 U.S. 975 (1993).

ground; and he saw the same three individuals flee when the attack ended.

The evidence is sufficient to establish the defendant's guilt as a principal, or as a joint venturer, on the assault and battery. See *Commonwealth* v. *Fidler*, 23 Mass. App. Ct. 506, 513 (1987). Specifically, as to principal liability, the evidence shows that the defendant committed an assault and battery on the victim when he kicked him with his sneaker-clad foot.[3] As to joint venture liability, the evidence showed that the defendant participated in an attack with two other individuals, Keefe and an unknown third man. Because there was no evidence regarding what the third man wore on his feet, his conduct, standing alone, established only a simple assault and battery. See *Commonwealth* v. *Rumkin*, 55 Mass. App. Ct. at 638-640. The evidence showed that the defendant was a coventurer with Keefe and the third assailant, and in that role, he could be found guilty of the same offense, assault and battery. *Commonwealth* v. *Fidler*, 23 Mass. App. Ct. at 513.

Finally, at the conclusion of the evidence, when the defendant moved to dismiss the assault and battery conviction as duplicative of the conviction of assault and battery by means of a dangerous weapon, the judge stated that he was considering a joint venture analysis for some of the events and that "[a]ll counts stand on their own footing." Because this trial was jury-waived, and in light of the judge's comment, there was no possibility that the defendant's convictions of assault and battery and assault and battery by means of a dangerous weapon were based on the same assault. See *Commonwealth* v. *Johnston*, 60 Mass. App. Ct. 13, 22 (2003) ("A defendant's conviction of both offenses may stand where the acts to support the conviction of [one offense] are separate and distinct from the acts used to support the conviction of assault and battery"). Contrast *Commonwealth* v. *Santos*, 440 Mass. 281, 293-294 (2003) (assault by means of a dangerous weapon conviction duplicative of armed robbery conviction where jury were not instructed that

---

[3]The defendant's conduct of kicking the victim with his sneaker may properly have been viewed by the fact finder as constituting only an assault and battery, leaving as the basis for the more serious charge the attack with the blunt object.

they needed to find separate assaults for each charge and it seemed probable that they relied on the same assault for both convictions); *Commonwealth* v. *Howze*, 58 Mass. App. Ct. 147, 151 (2003), and cases cited. There was no error.

*Judgments affirmed.*