NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-363

COMMONWEALTH

vs.

KHAMPHONG SOUVANNASAP.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Khamphong Souvannasap, was convicted, after a jury trial in the Superior Court, of aggravated rape in violation of G. L. c. 265, § 22 (a); kidnapping in violation of G. L. c. 265, § 26[1]; strangulation or suffocation in violation of G. L. c. 265, § 15D (b); and assault and battery by means of a dangerous weapon, to wit, a "blunt object," in violation of G. L. c. 265, § 15A (b). On appeal he challenges only his conviction of assault and battery by means of a dangerous weapon, arguing that the evidence was insufficient to prove that he used a dangerous weapon. We affirm.

When reviewing the denial of a motion for a required finding of not guilty, we take the evidence in the light most

---

[1] The judge vacated the kidnapping conviction as duplicative of the conviction of aggravated rape.

favorable to the prosecution to determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Commonwealth v. Latimore, 378 Mass. 671, 677 (1979), quoting Jackson v. Virginia, 443 U.S. 307, 318-319 (1979).  "[C]ircumstantial evidence is competent to establish guilt beyond a reasonable doubt," Commonwealth v. Gilbert, 423 Mass. 863, 868 (1996), and the inferences drawn from the evidence "need only be reasonable and possible," not "necessary or inescapable."  Commonwealth v. Beckett, 373 Mass. 329, 341 (1977).

The defendant asserts that the Commonwealth failed to prove that he harmed or even touched the victim with any item capable of being used as a dangerous weapon because the Commonwealth was unable either to identify the specific item that the defendant used in the attack or to eliminate the possibility that he used only "a bony body part."

A conviction under G. L. c.  265, § 15A (b), requires a showing that the defendant intentionally touched the victim with an item that is either dangerous per se or dangerous as used.  See Commonwealth v. Appleby, 380 Mass. 296, 303 (1980).  Included in the latter category is any item that, considering how it is held or employed under the circumstances, is capable of causing serious bodily harm.  See Commonwealth v. Tevlin, 433 Mass. 305, 310 (2001); Commonwealth v. Marrero, 19 Mass. App.

2

Ct. 921, 922 (1984). The Commonwealth must show that the defendant formed "the intent to use that object in a dangerous or potentially dangerous fashion." Appleby, supra at 308. The only objects categorically excluded from the definition of a dangerous weapon are "human teeth and other parts of the human body," which are "not dangerous weapons because they are not instrumentalities apart from the defendant's person." Commonwealth v. Mattei, 455 Mass. 840, 845 n.11, quoting Commonwealth v. Sexton, 425 Mass. 146, 150 (1997).

The defendant argues that the Commonwealth must identify the object used before the jury can determine if it was used in a dangerous manner. He is incorrect. "The particular type of dangerous weapon with which the offense was committed is not an essential element of the crime charged." Commonwealth v. Rumkin, 55 Mass. App. Ct. 635, 638 (2002). The fact that a dangerous weapon was used can be inferred from the victim's injuries. See Commonwealth v. Smith, 60 Mass. App. Ct. 204, 206 (2003).

The victim testified that the defendant struck her with multiple thrown objects, some of which "felt heavy" and one of which, striking her on the forehead, "felt really hard" and caused a "big bump." The next day she had "a large bruise, almost like a welt" on her forehead. The responding emergency medical technician nurse described the injury as a contusion on

3

the left center of the victim's forehead, protruding between one-half inch to one inch from her head.  The nurse testified that the injury "would have to have been the result of a blunt force object," such as a baseball bat or a bottle.  "This evidence was sufficient to establish that the defendant used a weapon."  Smith, 60 Mass. App. Ct. at 206 (evidence sufficient to convict of assault and battery by means of "blunt object" where victim did not see weapon used but "felt a blow from a rigid object, which had the immediate effect of knocking him to the ground and left a round circular mark on his forehead").  The jury could have rationally inferred that the victim had been struck by an object that, as used, was capable of causing serious bodily harm.  See Tevlin, 433 Mass. at 310.

The defendant also argues that the victim's memory was so impaired and the nurse's testimony so speculative that the jury could not find him guilty beyond a reasonable doubt without direct evidence of the weapon.  These arguments are misplaced.  It is the jury's province to assess the weight and credibility

of the evidence.  See Commonwealth v. Tavares, 484 Mass. 650, 656 (2020).

Judgments affirmed.

By the Court (Meade,<br>
  Massing & Sacks, JJ.[2]),

Assistant Clerk

Entered:  February 22, 2024.

---

[2] The panelists are listed in order of seniority.