NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-684

COMMONWEALTH

vs.

MUHAMMAD A. NOOR.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

On April 10, 2023, the defendant, Muhammad A. Noor, was convicted in District Court, after a jury-waived trial, of assault and battery on a family or household member, G. L. c. 265, § 13M (a), and violating an abuse prevention order, G. L. c. 209A, § 7 (docket no. 2251CR001059). On August 28, 2023, the defendant was convicted, after a jury-waived trial, of a separate count of violating an abuse prevention order (docket no. 2251CR001291). Concluding that the operative abuse prevention order did not prohibit the defendant from contacting the victim, we reverse the August 2023 judgment of conviction, set aside the finding of guilt, and order that judgment enter

for the defendant.  We affirm the April 2023 judgments of conviction.

"When reviewing the denial of a motion for a required finding of not guilty, 'we consider the evidence introduced at trial in the light most favorable to the Commonwealth, and determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Commonwealth v. Quinones, 95 Mass. App. Ct. 156, 162 (2019), quoting Commonwealth v. Faherty, 93 Mass. App. Ct. 129, 133 (2018).  "A finding of a violation of G. L. c. 209A, § 7, requires the Commonwealth to 'prove that (1) a valid G. L. c. 209A order was issued by a judge, (2) the order was in effect on the date of the alleged violation, (3) the defendant had knowledge of the order, and (4) the defendant violated the order.'"  Commonwealth v. Carino, 104 Mass. App. Ct. 578, 580 (2024), quoting Commonwealth v. Telcinord, 94 Mass. App. Ct. 232, 235 (2018).

Here, the written abuse prevention order that was served on the defendant contains no prohibition on the defendant's contacting the victim, which was the only allegation urged by the Commonwealth at trial.  The Commonwealth concedes that the abuse prevention order judge's earlier oral instruction to the defendant not to contact the victim does not control over the

2

subsequent written order served on the defendant that did not prohibit such contact. "Having fulfilled our duty of independently determining whether there was error, we agree with the Commonwealth's concession." Commonwealth v. Waterman, 98 Mass. App. Ct. 651, 654 (2020). The last order provided to the defendant was operative, and thus the defendant's attempts to contact the victim did not violate the order.

As the defendant raises no arguments concerning the April 2023 convictions, we have no cause to disturb them. See Commonwealth v. Smith, 60 Mass. App. Ct. 204, 205 n.1 (2003). Accordingly, the April 2023 judgments on docket no. 2251CR001059 are affirmed. The August 2023 judgment on docket no. 2251CR001291 is reversed, the finding is set aside, and judgment shall enter for the defendant.

So ordered.

By the Court (Ditkoff, Grant & Toone, JJ.[1]),

Clerk

Entered: January 24, 2025.

---

[1] The panelists are listed in order of seniority.