COMMONWEALTH *vs.* ROBERT L. COBB.

Suffolk. November 4, 1986. — February 10, 1987.

Present: HENNESSEY, C.J., WILKINS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Practice, Criminal,* Judicial discretion, Verdict. *Homicide.*

No abuse of discretion appeared in a judge's action under Mass. R. Crim. P.
25 (b) (2) setting aside a verdict of murder in the second degree and
ordering the entry of a finding of guilty of manslaughter. [192]

INDICTMENT found and returned in the Superior Court Department on January 19, 1982.

The case was tried before *Roger J. Donahue,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Jeremiah P. Sullivan, Jr.,* for the defendant.

*Judy G. Zeprun,* Assistant District Attorney (*Timothy M. Burke* with her) for the Commonwealth.

NOLAN, J. This case arises out of the same homicide as the preceding case, *Commonwealth* v. *Millyan, ante* 171 (1987). Hence, we shall not repeat the facts. Cobb was convicted of murder in the second degree; his codefendants, Andrew J. Millyan and Arthur A. Corbett, were found guilty of murder in the first degree. After Millyan's verdict was reduced to murder in the second degree, a hearing was conducted on Cobb's motion to reduce the verdict under Mass. R. Crim. P. 25 (b) (2), 378 Mass. 896 (1979). The judge ordered Cobb's conviction reduced to manslaughter. Both the Commonwealth and Cobb appealed and we transferred the appeals to this court on our own motion.

Cobb requests that we reverse his conviction and order a new trial on the grounds that (1) the trial judge erroneously instructed the jury on joint venture; (2) evidence of Millyan's state of mind was improperly excluded; (3) the judge failed to

instruct the jury on the possibility of accident; and (4) Millyan's testimony was erroneously impeached by the faulty introduction of criminal records. These claims were all decided adversely to the defendants in *Commonwealth* v. *Millyan, supra* at 184-185, and therefore Cobb's motion for a new trial was properly denied.

The only issue left is the Commonwealth's appeal from the reduction of Cobb's verdict. Rule 25 (b) (2) vests broad power in the trial judge. We defer to the trial judge because he has the advantage of face to face evaluation of the witnesses and the evidence at trial. He is in a far better position than we are to make the judgment required by the rule. *Commonwealth* v. *Gaulden,* 383 Mass. 543, 557 (1981).

As we stated in *Commonwealth* v. *Millyan, supra* at 189, rule 25 (b) (2) does not mean that a judge, in deciding whether to reduce a verdict, is confined to the standard used on a motion for a required finding of not guilty. Thus, the Commonwealth's analysis of the judge's failure to use this standard is misguided. Nor are we persuaded that the judge abused his discretion in reducing the verdict. The evidence in the record is sufficient to support the judge's conclusion that, due to his intoxication, Cobb acted in a reckless fashion rather than out of malice. This was not an arbitrary or unreasonable conclusion. Therefore, we will not disturb the reduction of Cobb's verdict to manslaughter.

*Order affirmed.*