## COMMONWEALTH vs. LUIS TORRES.

Middlesex.    December 17, 1986. — June 12, 1987.

Present: SMITH, QUIRICO, & FINE, JJ.

*Practice, Criminal,* Verdict, Required finding, Finding by judge, Appeal by Commonwealth. *Rules of Criminal Procedure.*

A judge erred in allowing a defendant's motion, pursuant to Mass.R.Crim.P. 25 (b) (2), for a finding of not guilty of rape after the jury had returned a guilty verdict where, although the judge correctly used the required finding standard set out in *Commonwealth* v. *Latimore,* 378 Mass. 671, 677-678 (1979), he misapplied the standard by taking into consideration the weight of the evidence and by his assessment of the credibility of the complainant, and where there was sufficient evidence to warrant a finding beyond a reasonable doubt on the only contested issue, namely, that sexual intercourse had taken place by force and against the complainant's will. [321-324]

FINE, J., dissenting, would have ordered a new trial, rather than remanding the case for further proceedings, including sentencing. [325]

INDICTMENT found and returned in the Superior Court Department on July 18, 1984.

The case was tried before *Richard S. Kelley,* J.

*Pamela L. Hunt,* Assistant District Attorney, for the Commonwealth.

*Steven J. Rappaport* for the defendant.

SMITH, J.   The defendant was indicted for the crimes of aggravated rape, kidnapping, and indecent assault and battery on a child who had attained the age of fourteen. After a jury trial he was convicted of the lesser included offense of rape on the indictment charging aggravated rape. The defendant was acquitted on the other two indictments. The judge allowed the defendant's motion for a required finding of not guilty. Mass.R.Crim.P. 25 (b) (2), 378 Mass. 896 (1979). The Commonwealth has appealed the judge's decision. Mass.R.Crim.P. 25 (c) (1), inserted by 389 Mass. 1107 (1983).

The issue arose in the following manner. On July 1, 1984, a young woman, then sixteen years of age, told a friend that while walking to the friend's house she was pulled into an automobile by a stranger, driven to a deserted place, and raped. She also said that she had been struck during the abduction and rape. The friend took the complainant to a hospital, where an internal examination revealed the presence of sperm. She was interviewed at the hospital by a nurse and a police officer. During the interview she said that she had been raped and threatened, and she described the man and the automobile. She also stated that she had been grabbed and pulled into the automobile and had been slapped and punched by the rapist. She said that she did not know the person who had raped her.

After the complainant left the hospital, she went to the police station, where she gave a full description of her assailant and his automobile. She assisted in making a composite drawing and viewed a number of photographs, but she was unable to make an identification. The array did not include a photograph of the defendant. Later that evening, a police officer saw the defendant in his automobile. Both matched the descriptions that the complainant had given earlier to the police. The defendant was placed under arrest, and the complainant made positive identifications of the defendant and his automobile. When she testified before the grand jury, the complainant told the same story that she had related to the nurse and the police.

The only issue at the jury trial was whether the complainant had voluntarily accompanied the defendant in his automobile and consented to the sexual intercourse. During her testimony, the complainant recanted various portions of the statement concerning the events on July 1st that she had given on prior occasions.[1] She admitted that she had lied to various persons, the police, and the grand jury when she told them that she had been pulled into an automobile by a stranger who had struck her during the abduction and rape and had pushed her out of

---

[1] The change in the complainant's story was signaled by the prosecutor in her opening statement to the jury. She stated that the evidence would show that the complainant had "improved upon the truth" in the past.

the automobile after the assault was over.[2] She testified that the defendant stopped his automobile and asked if she wanted a ride. She accepted the ride because she recognized the defendant as a person she had met about two months before. She admitted that she never screamed for help and that the defendant did not strike her, although, when she tried to leave the automobile before she was raped, he pulled her back. She insisted, however, that the defendant had raped her.

1. *Procedural background.* At the close of the Commonwealth's case, the defendant moved for a required finding of not guilty on the kidnapping and indecent assault and battery indictments and on so much of the aggravated rape indictment as charged that the rape was aggravated. The motions were denied, the judge stating that they should "be submitted later on." At the conclusion of all the evidence, the defendant renewed his motions, and again they were denied. The jury deliberated for about thirteen hours over the course of three days and ultimately returned a verdict of guilty of the lesser included offense of "simple rape" on the indictment charging aggravated rape and acquitted the defendant of the other charges. The defendant immediately filed a motion entitled "MOTION FOR REQUIRED FINDING OF NOT GUILTY OR ALTERNATIVE RELIEF." It stated that it was filed pursuant to Mass.R.Crim.P. 25 (b) (2) and requested that the judge vacate the finding of guilty and either order the entry of a finding of not guilty or grant a new trial. After a hearing on the motion, the judge vacated the finding of guilty and entered a finding of not guilty.

2. *The reasons for the judge's decision.* At the time he announced his decision, the judge recited the standard that he had followed and the reasons for his decision. He stated that he was applying the same standard that is employed when a judge is considering a motion for a required finding of not guilty if one is filed during the course of the trial. See *Common-*

---

[2] The complainant testified that she lied because she was concerned that, if she had stated that she had entered the defendant's automobile voluntarily, her boyfriend would have believed she wanted the sexual intercourse to happen.

*wealth* v. *Latimore*, 378 Mass. 671, 677-678 (1979). The judge concluded that, under that standard, no rational trier of fact could have convicted the defendant of rape.

The judge gave several reasons for his conclusion. He based his decision, in large part, on his low assessment of the complainant's credibility. He noted that, "most particularly in a rape case, the credibility of the victim is so vital and so important." He observed that the victim had "lied" to the nurse at the hospital, to the investigating police officer, and to the grand jury regarding (1) whether she had known the defendant prior to the incident, (2) whether she had been forced into the defendant's automobile, and (3) whether the defendant had struck her during the incident.

The judge also stated that he considered two other factors in arriving at his decision. He observed that the physical evidence did not suggest any violence but rather "just the close personal relationship" and that the complainant was "calm" and "collected" at the hospital, conduct that he stated "is absolutely contrary to the symptoms that are so identified with the rape experience." [3]

3. *Discussion.* Rule 25 (b)(2), as shown in the margin, [4] consists of two sentences. The first sentence states that, if a motion for a required finding of not guilty is denied during the course of the trial, it may be renewed within five days after the ·jury is discharged. It also "permits a motion for a new trial to be presented in conjunction with the renewal of a denied motion for a required finding of not guilty." *Commonwealth* v. *Keough*, 385 Mass. 314, 317 (1982). The last sen-

---

[3] The judge also indicated that he had accorded some weight to the facts that the victim was reluctant to testify at trial and that the defendant was acquitted of the other charges.

[4] Mass.R.Crim.P. 25 (b) (2) reads as follows:

"*Motion After Discharge of Jury.* If the motion is denied and the case is submitted to the jury, the motion may be renewed within five days after the jury is discharged and may include in the alternative a motion for a new trial. If a verdict of guilty is returned, the judge may on motion set aside the verdict and order a new trial, or order the entry of a finding of not guilty, or order the entry of a finding of guilty of any offense included in the offense charged in the indictment or complaint."

tence of rule 25 (b) (2) states that, if a guilty verdict is returned by the jury, the defendant may file a motion requesting the judge to set aside the verdict and (1) order a new trial, (2) order the entry of a finding of not guilty, or (3) order the entry of a finding of guilty of any lesser offense included within the scope of the indictment or complaint. *Commonwealth* v. *Keough, supra* at 317-318. We are concerned here with an independent motion under the last sentence of rule 25 (b) (2).[5]

There have been several decisions on appeals from trial judges' decisions on rule 25(b)(2) motions. See *Commonwealth* v. *Gaulden*, 383 Mass. 543, 550-558 (1981); *Commonwealth* v. *Keough, supra*; *Commonwealth* v. *Preston*, 393 Mass. 318, 321-324 (1984); *Commonwealth* v. *Millyan*, 399 Mass. 171, 188-190 (1987); *Commonwealth* v. *Cobb*, 399 Mass. 191, 192 (1987). None of these decisions is concerned with the entry of a finding of not guilty pursuant to rule 25 (b) (2). We, therefore, write on a clean slate.[6]

The Commonwealth contends that, in order completely to supplant the jury's guilty verdict with a court-ordered finding of not guilty, the judge must apply the same principles of law that are appropriate to the granting or denial of a motion for a required finding of not guilty prior to a verdict. It argues that the judge here used the correct standard but misapplied it because his conclusion that, based on the evidence, no rational

---

[5] The judge's remarks, made at the time of his decision, indicate that he apparently believed he was dealing with a "renewed" motion filed pursuant to the first sentence of the rule. However, at trial, the defendant moved only for a required finding of not guilty of so much of the aggravated rape indictment as charged that the rape was aggravated. He did not move for a required finding of not guilty of the charge of rape. The jury returned a verdict of guilty of the lesser included offense of rape. Because his motion for a required finding of not guilty never encompassed the charge of rape, there was nothing in his motion that the defendant could "renew" pursuant to the first sentence of rule 25 (b) (2). Our decision does not turn on the judge's misunderstanding of the defendant's motion.

[6] In *Commonwealth* v. *Therrien*, 383 Mass. 529, 536-539 (1981), the court held that a judge erred in allowing a defendant's motion for a finding of not guilty of rape after the jury had returned a verdict of guilty. The motion, however, was pursuant to rule 25(b)(1) and was not concerned with the last sentence of rule 25 (b) (2).

jury could have convicted the defendant reflected his personal views of the strength of the Commonwealth's case and the credibility of the complainant. The Commonwealth points out that it is the law in Massachusetts that, under the required finding standard, the credibility of testimony is for the jury to decide, not the judge. *Commonwealth* v. *Fitzgerald*, 376 Mass. 402, 410-411 (1978) (the fact that testimony is inconsistent and contradictory does not render it insufficient); *Commonwealth* v. *Parker*, 389 Mass. 27, 31 (1983) (inconsistent testimony is not insufficient evidence). Also see *Jackson* v. *Virginia*, 443 U.S. 307, 319 n.13 (1979), where the Court stated that the required finding standard "does not permit a court to make its own subjective determination of guilt."

The defendant, on the other hand, argues that, in ordering the entry of a postverdict finding of not guilty, the judge could consider the weight of the evidence in the same manner as is permissible in considering a request for a new trial under either rule 25 (b) (2) or Mass.R.Crim.P. 30 (b), 378 Mass. 900 (1979), or a reduction of the verdict under rule 25 (b)(2). He cites *Commonwealth* v. *Gaulden*, 383 Mass. at 552, as support for his contention. In *Gaulden*, the judge, acting under rule 25 (b) (2), reduced the jury's verdict of murder in the second degree to manslaughter. The Commonwealth appealed from the judge's order and argued that a judge may order the entry of a finding of guilty of a lesser included offense only when the evidence was not sufficient to support the verdict returned by the jury. The Supreme Judicial Court made it clear that that was not the law. It stated that rule 25 (b)(2) authorizes a trial judge to act when he believes a lesser verdict is more in harmony with the interests of justice. It stated that the "trial judge, acting under rule 25 (b)(2), should be guided by the same considerations that have guided [the Supreme Judicial Court] in the exercise of its powers and duties under [G. L. c. 278] § 33E to reduce a verdict." *Id.* at 555. Therefore, a judge could consider, at least in regard to a reduction of verdict pursuant to rule 25 (b) (2), the credibility of the witnesses and the weight of the evidence (*Commonwealth* v. *Gaulden*, 383 Mass. at 557). See *Commonwealth* v. *Keough*, 385 Mass. at

319; *Commonwealth* v. *Millyan*, 399 Mass. at 188-190; *Commonwealth* v. *Cobb*, 399 Mass. at 192. Also see *Commonwealth* v. *Preston*, 393 Mass. at 324, which held that a judge could consider the weight of the evidence and assess the credibility of the witnesses when deciding a motion for a new trial pursuant to rule 25 (b) (2).

The *Gaulden* decision and its progeny are not controlling here. We are not concerned with a judge's action of reducing a verdict or granting a new trial on a rule 25 (b) (2) motion but, rather, are confronted with the more drastic action of a judge's ordering the entry of a finding of not guilty after a jury had returned a verdict of guilty. There is nothing in the wording of rule 25 (b) (2) or the Reporters' Notes to the rule that even suggests that a judge is permitted to consider the weight of the evidence or the credibility of the witnesses in determining whether to grant a required finding of not guilty after a jury has returned a verdict of guilty. Reporters' Notes to Mass.R.Crim.P. 25 (b) (2), Mass. Ann. Laws, Rules of Criminal Procedure at 434-436 (1979).[7] The law prior to the enactment of the Massachusetts Rules of Criminal Procedure is instructive. General Laws c. 278, § 11, as in effect prior to St. 1979, c. 344, § 43A, specifically authorized the granting of a directed verdict of not guilty after a jury returned a verdict of guilty. The standard for consideration of such a motion was the same as that which was applied before the case was submitted to the jury. *Commonwealth* v. *Casale*, 381 Mass. 167, 168, 171 (1980). See *Commonwealth* v. *Dunphy*, 377 Mass. 453, 454-456 (1979). It follows that it was not permissible for the trial judge to engage in weighing the evidence or assessing witness credibility. We also note that, under the correlative

---

[7] The Reporters' Notes state that rule 25 (b) (2) extends "to the trial courts, post-verdict, a power in all cases much like that which had previously been reserved to the Supreme Judicial Court in capital cases under G. L. c. 278, § 33E (as amended.)" Reporters' Notes to Mass.R.Crim.P. 25 (b) (2), Mass. Ann. Laws, Rules of Criminal Procedure at 435 (1979). That power, however, has always been limited to the granting of a new trial or the reduction of a verdict; § 33E never authorized the Supreme Judicial Court to order entry of a not guilty verdict upon a review of the weight of the evidence.

Federal rule, Fed.R.Crim.P. 29(c), upon which our rule 25(b)(2) is based (see Reporters' Notes to Mass.R.Crim.P. 25, Mass. Ann. Laws, Rules of Criminal Procedure at 434 [1979]), a judge, when deciding a postverdict motion for acquittal, may look only to the legal sufficiency of the evidence and must view it in the light most favorable to the government. *United States* v. *Smith*, 680 F.2d 255, 259 (1st Cir. 1982), cert. denied, 459 U.S. 1110 (1983). A Federal judge is required, in ruling on such a motion, to bear in mind that "it is the exclusive function of the jury to determine the credibility of witnesses . . . ." *United States* v. *Nelson*, 419 F.2d 1237, 1241 (9th Cir. 1969). Also see *Burks* v. *United States*, 437 U.S. 1, 16 (1978); *United States* v. *Rothrock*, 806 F.2d 318, 320 (1st Cir. 1986).

We conclude that a trial judge, in deciding a rule 25(b)(2) postverdict motion for a finding of not guilty, is required to use the required finding standard set out in *Commonwealth* v. *Latimore*, 378 Mass. at 677-678. That standard is whether there was enough evidence, when taken in the light most favorable to the Commonwealth, that "could have satisfied a rational trier of fact of each [essential element of the offense] beyond a reasonable doubt." In using that standard the judge cannot weigh the evidence or assess the credibility of the witnesses. To hold otherwise would allow a trial judge to invade the province of the jury as the sole finder of fact in a jury trial. *Hoffa* v. *United States*, 385 U.S. 293, 311 (1966).

The trial judge employed the correct standard in the instant case but committed error because he weighed the evidence and considered the credibility of the complainant. We have examined the evidence in light of the required finding standard and conclude that there was sufficient evidence to establish that the sexual intercourse took place by force and against the complainant's will.

The judge's order is vacated, and the case is remanded for further proceedings, including sentencing. The defendant, of course, may renew so much of his postverdict motion as requests a new trial. The defendant can appeal from his conviction

on any ground other than the sufficiency of the evidence to warrant the finding of guilty of simple rape.

*So ordered.*


FINE, J. (dissenting). I would tend to accord somewhat broader scope than do the majority to the authority of a trial judge under Mass.R.Crim.P. 25(b)(2) to enter an acquittal after a verdict of guilty on that rare occasion when to do so is necessary to avoid a miscarriage of justice. Compare *United States* v. *Sisson*, 399 U.S. 267, 290 (1970); *Commonwealth* v. *Gaulden*, 383 Mass. 543, 551-557 (1981). Because the defendant did not file at the appropriate time a motion for a required finding of not guilty, see note 5 of the majority opinion, *supra* at 321, however, I would not reach that issue in this case. In any event, I depart from the majority opinion insofar as it requires the defendant, in order to obtain a new trial, to move for one in the trial court. Implicit in the judge's order on the motion under rule 25(b)(2), in my view, is the determination that, at the very least, the defendant is entitled to a new trial. I believe, therefore, that this court should remand the case for a new trial.