COMMONWEALTH *vs.* DOLORES SHABO. No. 98-P-868. September 3, 1999. *Practice, Criminal,* Required finding. *Motor Vehicle,* Operating under the influence.

The defendant was convicted by a District Court jury of operating a motor vehicle while under the influence of intoxicating liquor. After the jury was discharged, the judge allowed the defendant's motion for a required finding of not guilty, pursuant to Mass.R.Crim.P. 25(b)(2), 378 Mass. 896 (1979). The Commonwealth appeals, and we reverse the judge's order.

"In deciding a rule 25 (b) (2) motion for a required finding of not guilty following a guilty verdict, . . . the judge does not properly exercise discretion concerning the weight or integrity of the evidence, but instead must assess the legal sufficiency of the evidence by the standard set out in *Commonwealth* v. *Latimore*, 378 Mass. 671, 677 (1979). . . . Thus, the question for this court on appeal is, as it was for the judge, 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " *Commonwealth* v. *Doucette*, 408 Mass. 454, 456 (1990), quoting from *Commonwealth* v. *Latimore*, 378 Mass. at 677.

In the present case, although the evidence was not overwhelming, it was more than adequate to satisfy the *Latimore* standard. There was no substantial question that the defendant was operating a motor vehicle on a public way; the issue at trial concerned the defendant's alleged impairment. The Commonwealth presented testimony from the arresting officer that the defendant had veered in and out of her lane, was driving in excess of the speed limit, and, when the officer activated his lights to signal the defendant to pull over, had applied her brakes forcefully enough to leave a 37.9 foot skid mark. Additionally, the officer smelled liquor on the defendant's breath and noted that her eyes were watery and bloodshot. Her speech was slurred. When asked for her driver's license, she instead produced her credit card. The defendant also performed inadequately on all three field sobriety tests which the officer conducted. Finally, the defendant told the arresting officer that she had been out with a friend and had consumed "two mixed drinks."

This evidence, taken together, is more than sufficient to establish that the defendant's ability to operate a motor vehicle had been affected by her consumption of alcohol. See *Petras* v. *Storm*, 18 Mass. App. Ct. 330, 334 (1984). In deciding a rule 25(b)(2) motion using the required finding standard set out in *Latimore*, *supra*, "the judge cannot weigh the evidence or assess the credibility of the witnesses. To hold otherwise would allow a trial judge to invade the province of the jury as the sole finder of fact in a jury trial." *Commonwealth* v. *Torres*, 24 Mass. App. Ct. 317, 324 (1987).

> *Order allowing motion for required finding reversed.*
> *Case remanded for sentencing on the jury verdict.*

*Ellyn H. Lazar-Moore*, Assistant District Attorney, for the Commonwealth.
*Philip T. Soloperto* for the defendant.