The defendant-appellee was charged with disorderly conduct, G. L. c. 272, § 53 (count 1), assault, G. L. c. 265, § 13A(a ) (count 2), and witness intimidation, G. L. c. 268, § 13B (count 3). He waived his right to a jury trial and was tried before a judge of the Boston Municipal Court. After the Commonwealth presented its evidence, the defendant moved for a required finding of not guilty on all three counts. The judge denied the motion. The defendant presented no evidence and renewed his motion for a required finding as to all three counts, which was also denied. The judge found him not guilty of disorderly conduct and witness intimidation, but guilty of count 2, assault, and sentenced him to three months' unsupervised probation.
Nine days after the bench trial, the judge issued an order stating that, "[u]pon further reflection, it appears that the court may have erred in denying the defendant's Motion for Required Finding of Not Guilty on Count 2.... Accordingly, the parties are directed to mark this matter up for a hearing before the court." The defendant filed a "Motion to Renew Motion for Required Finding or in the Alternative Motion for New Trial," and the hearing was held.
The judge then issued written findings and rulings. He stated that he had "plainly" "mistakenly rendered a verdict against the weight of the evidence." This was because he found that the alleged victim lacked an "apprehension of an immediate battery," which apprehension the Commonwealth was required to prove beyond a reasonable doubt to sustain a conviction for assault under the threatened-battery theory it advanced in this case. See Commonwealth v. Porro, 458 Mass. 526, 531 (2010) (in threatened-battery assault, the victim "must apprehend the risk of an imminent battery"). He concluded, however, that he lacked authority to allow a renewed motion for a required finding of not guilty because the procedural vehicle for such a motion, Mass.R.Crim.P. 25(b)(2), on its face, applies only to jury trials. He stated for the record, however, that, if he had the authority, "the court would allow the defendant's request to enlarge the time for filing a motion pursuant to the rule," and "the court would find that its verdict on Count 2 'was against the weight of the evidence,' Commonwealth v. Preston, 383 Mass. 318, 324 (1984), and it would enter a finding of not guilty pursuant to the rule."
In light of his conclusion about his limited authority, the judge treated the motion as one for a new trial. Applying the Latimore standard, Commonwealth v. Latimore, 378 Mass. 671, 677 (1979), the judge concluded that there was insufficient evidence to support a finding by any reasonable juror of guilt of assault, granted the defendant's motion for a new trial, and immediately entered a finding of not guilty. The Commonwealth appealed.
This case obviously presents an unusual circumstance. The judge was correct that rule 25(b)(2) applies only to jury verdicts. That rule was adopted in 1979, when the Supreme Judicial Court promulgated the Rules of Criminal Procedure. See 378 Mass. 842, 896 (1979). Rule 25(b)(2) is substantively identical to the last paragraph of G. L. c. 278, § 11, as amended by St. 1964, c. 108, § 2, except that it also grants trial courts the power to reduce the verdict to a lesser included offense. Both the rule and the statute apply only to trial by jury: "If the motion is denied and the case is submitted to the jury, the motion [for a required finding of not guilty] may be renewed within five days after the jury is discharged" (emphasis supplied). Mass.R.Crim.P. 25(b)(2), as amended, 420 Mass. 1502 (1995). The Reporter's Notes accompanying the rule, however, explains that "[m]otion[s] for findings of not guilty are a part of Massachusetts practice in the context of nonjury cases and are extended by this rule to include jury trials in recognition of the fact that juries have no proper function in this area." Reporter's Notes to Mass.R.Crim.P. 25, 47 Mass. Gen. Laws Ann. at 691-692 (West 2006) (citation omitted).
Though applicable to jury trials, the rule thus did not purport to have any effect on proceedings with respect to bench trials. The Commonwealth points to nothing in the Rules of Criminal Procedure that prohibits a defendant after a bench trial from asking the judge to reconsider the denial of a prior motion for a required finding, at least if the motion is brought before the time for filing an appeal has expired. The record in this case, then, fails to reveal any reason reconsideration of such a motion would be barred, and we treat the defendant's motion as one for reconsideration of the denial of his motion for a required finding of not guilty.
The standard for determining whether a judgment of not guilty should enter when one is sought under rule 25(b)(2) by way of a renewed motion for a required finding following a jury trial is of course the Latimore sufficiency of the evidence standard. See, e.g., Commonwealth v. Doucette, 408 Mass. 454, 456 (1990) ; Commonwealth v. Torres, 24 Mass. App. Ct. 317, 324 (1987). "In using that standard the judge cannot weigh the evidence." Commonwealth v. Walker, 68 Mass. App. Ct. 194, 197-198 (2007) (judge may weigh the evidence when deciding on a rule 25 [b][2] motion for a new trial or to reduce the verdict to a lesser included offense). This is because a judge's independent weighing of the evidence "would allow [the] judge to invade the province of the jury as the sole finder of fact in a jury trial." Torres, supra.
In the unusual, perhaps unique, circumstance of this case, though, where the same judge who heard the renewed motion was the finder of fact at trial, any similar concern is absent. Having himself heard all the evidence at trial, and having found as a fact that one of the elements of the offense was absent, we think, unless that finding was clearly erroneous, he could properly have allowed the motion on the ground that the guilty finding was against the weight of the evidence, and on that basis, have ordered entry of a finding of not guilty, as he indicated would have been his preference. The underlying purpose after all of allowing all postverdict motions, such as the instant one, is to ensure that convictions are consonant with justice. As the Supreme Judicial Court has said in the related context of the judge's power under rule 25(b)(2) to order a reduction in the verdict after a jury trial, even "despite the presence of sufficient evidence to support the jury verdict," "a trial judge's decision on a rule 25(b)(2) motion should be guided by the same considerations"-"ensur[ing] that the result in every criminal case is consonant with justice"-as the Supreme Judicial Court's review of first degree murder cases under G. L. c. 278, § 33E. Commonwealth v. Almeida, 452 Mass. 601, 613 (2008) (quotations omitted).
As the judge's factual finding was not clearly erroneous, the order may be affirmed on this basis. See Commonwealth v. Va Meng Joe, 425 Mass. 99, 102 (1997) (appellate court may affirm on different grounds from the trial court "if the correct or preferred basis for affirmance is supported by the record and the findings"). We therefore need not and do not reach the question of the sufficiency of the evidence. The order allowing the defendant's motion and ordering the entry of a finding of not guilty on count 2 (assault) is affirmed.
So ordered.
Affirmed.