Following a jury trial, the defendant was convicted of operating while under the influence of alcohol (OUI), in violation of G. L. c. 90, § 24 (1) (a ) (1).[2] On appeal, the defendant contends that this conviction must be vacated because there was insufficient evidence. We affirm.
We review the defendant's claim of error to determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Commonwealth v. Grandison, 433 Mass. 135, 140 (2001), quoting Commonwealth v. Lodge, 431 Mass. 461, 465 (2000). Viewed in the light most favorable to the Commonwealth, Grandison, supra, the evidence showed that, by his own admission, the defendant had consumed "[a] few beers," and "tequila and Fireball shots" prior to operating his vehicle. He garnered the attention of a police detective because his car repeatedly was weaving between the center line of his lane of travel and the edge of the roadway. At one point, the defendant abruptly jerked his car back towards his lane of travel.
When the defendant's car was pulled over, he smelled of alcohol, he had glassy, bloodshot eyes, and his speech was slurred. As he exited his car to perform two field sobriety tests (FSTs), he was "swaying" as he walked. The defendant was unable to follow instructions during the FSTs. For example, during the nine-step walk and turn test, the defendant failed to maintain the instructional position, took the wrong number of steps, and left gaps between his heel and toe during several steps. Similarly, during the one-leg stand test, the defendant failed to maintain proper arm position, swayed his body, and kept bending his legs to maintain balance.
Based on the foregoing, the jury could reasonably have found that the Commonwealth had established each of the elements of the crime charged, including that the defendant's consumption of alcohol impaired his ability to operate the car safely. See, e.g., Commonwealth v. Bryer, 398 Mass. 9, 10-11 (1986) ; Commonwealth v. Gallagher, 91 Mass. App. Ct. 385, 392-393 (2017) ; Commonwealth v. Shabo, 47 Mass. App. Ct. 923, 924 (1999).
Judgment affirmed.

The defendant also had been charged with negligent operation of a motor vehicle (G. L. c. 90, § 24 [2] [a ] ), and a marked lanes violation (G. L. c. 89, § 4A ). A first jury acquitted the defendant of the negligent operation count, and a mistrial was declared on the remaining counts. On retrial, the second jury found the defendant not responsible for the marked lanes violation but, as set forth above, found the defendant guilty of the operating while under the influence charge.